972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY LOCATED AT 1625 EAST ANAHEIM STREET, LONG
BEACH, CALIFORNIA, Defendant,
and
Willie Fuller, Claimant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY LOCATED AT 1625 EAST ANAHEIM STREET, LONG
BEACH, CALIFORNIA, Defendant,
and
Cecil Fuller, Claimant-Appellant.
 
 1
 Nos. 90-55957, 90-55975.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted March 5, 1992.
Decided July 24, 1992.
 
 3
 Before HUG and PREGERSON, Circuit Judges, and PECKHAM,* Senior District Judge.
 
 
 4
 MEMORANDUM**
 
 
 5
 Cecil Fuller and Willie Fuller, brothers and joint owners of real property located at 1625 East Anaheim Street, Long Beach, California, known as "Cecil's Palace", appeal the forfeiture of this property to the government pursuant to 21 U.S.C. Section 881(a)(7). Cecil and Willie Fuller together challenge the forfeiture on the grounds that there was an insufficient connection between Cecil Fuller's drug-related activities and Cecil's Palace to conclude that the property was used to "facilitate" drug transactions within the meaning of 21 U.S.C. Section 881. Willie Fuller also contends that even if there was a sufficient connection between the property and his brother's drug activities, his ownership interest should not be forfeited because he qualifies for the "innocent owner" defense to forfeiture because he did not consent to the illegal use of the defendant property.
 
 
 6
 Cecil and Willie Fuller claim that the evidence presented at trial linking Cecil's Palace to drug transactions was not sufficient to conclude that the property was used to "facilitate" drug transactions and warrant its forfeiture. Thus, the resolution of this appeal requires this court to examine the quantity and quality of the intersections between Cecil's Palace and Cecil Fuller's drug-activities. We are not clear, however, regarding the factual findings supporting the district court's judgment of forfeiture. Because the resolution of this appeal requires a close examination of the use of Cecil's Palace for drug-related activities we consider it necessary to clarify the factual record before proceeding.
 
 
 7
 At the conclusion of the bench trial in this matter, an Order for Judgment was entered in favor of the government. The Order for Judgment contained a brief discussion of the facts in which the court made reference to drug-related telephone conversations at the club but made no mention of any drug-related meetings. The court also noted that there was a credibility problem with the government's evidence, but nevertheless concluded that the evidence was adequate to demonstrate that the property was used to facilitate drug-related activities as is required for forfeiture under Section 881. This order was not appealable despite the fact that it prompted defense counsel to file notices of appeal. Thus, the Order for Judgment does not contain the ultimate findings of fact and conclusions of law supporting the judgment.
 
 
 8
 On July 13, 1990, the government lodged with the court and served on opposing counsel proposed Findings of Fact and Conclusions of Law. The trial court adopted these findings and conclusions and they were signed and filed on July 17, 1990. The judgment for forfeiture was similarly filed on July 17, 1990. The proposed findings of fact contain a great deal more specificity than the factual discussion contained in the Order for Judgment. More importantly, the proposed findings refer to a number of drug-related meetings held at Cecil's Palace. Counsel for the Fuller brothers attempted to object to the findings prepared by the government but the Judgment for Forfeiture was entered before their objections could be heard.
 
 
 9
 Rule 14.6 of the Local Rules for the Central District of California provides that opposing counsel shall have five court days to object to proposed findings of fact filed by a prevailing party after trial. According to the record in this case, the proposed findings were prepared by the government and lodged with the court on July 13, 1990 and were signed by the judge and filed on July 17, 1990. Because July 13, 1990 was a Friday, according to our calculations, only three court days transpired between the lodging of the proposed findings and their filing, thereby denying opposing counsel the opportunity to object to the government's rendition of the facts provided in the Local Rules.
 
 
 10
 Counsel for the Fullers filed their objections on July 19, 1991, within the time alloted by the local rules but several days after the trial court had entered judgment in the case. The objections filed by defense counsel specifically pertain to the factual findings regarding drug-related meetings which the government claimed occurred at Cecil's Palace. This evidence, they claim, was largely impeached at trial. In addition, the objections further challenge a finding that Cecil Fuller freely gave out the Cecil's Palace telephone number in connection with drug activities.
 
 
 11
 As noted above the resolution of the merits of this appeal requires this court to determine the nature of the connection between the Cecil's Palace nightclub and Cecil Fuller's drug-activities. In light of the discrepancies between the factual discussion included in the Order for Judgment and the more expansive findings of fact later filed but which were entered without benefit of defense counsel's objections, we cannot determine which rendition of the facts more accurately reflects the trial court's view of the facts and formed the basis of the ruling of forfeiture. Thus, we remand this action to the district court in order that the court may clarify the factual findings after properly considering defense counsel's objections.
 
 
 12
 After the new findings are filed this panel will address the substantive issue of the Fuller brothers' appeal and determine whether there was a substantial connection between Cecil Fuller's drug activities and Cecil's Palace.
 
 
 13
 In addition to clarifying the findings regarding Cecil Fuller's use of Cecil's Palace, we ask the district court to provide explicit findings pertinent to Willie Fuller's invocation of the "innocent owner" defense. Specifically, we request the court to make findings regarding (1) when Willie Fuller learned of his brother's use of Cecil's Palace in connection with illegal drug activities, (2) whether Willie Fuller took any action to end his brother's use of the property in connection with drug transactions and (3) whether, after learning of the illicit use of the property, Willie Fuller was afforded reasonable time to take such action before the forfeiture was filed by the government.
 
 
 14
 Accordingly this action is REMANDED for clarification of the factual findings in accordance with the discussion above.
 
 
 
 *
 The Honorable Robert F. Peckham, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3